1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

PARNELL PHARMACEUTICALS, INC.,

Plaintiff,

Case No.  5:14-cv-03158-EJD

9

v.

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

10

PARNELL, INC.; PARNELL
PHARMACEUTICALS HOLDINGS, LTD;
PARNELL CORPORATE SERVICES U.S.,
INC.; and PARNELL U.S. 1, INC.,

Re: Dkt. No. 20

11
12
13

Defendants.

14      Plaintiff Parnell Pharmaceuticals, Inc. ("Plaintiff") brings this action against Defendants

15  Parnell, Inc. ("Parnell Inc."), Parnell Pharmaceuticals Holdings, Ltd. ("Parnell Australia"), Parnell

16  Corporate Services U.S., Inc. ("PCSUS"), and Parnell U.S. 1, Inc. ("PUS1") (collectively,

17  "Defendants"), alleging trademark infringement and unfair competition.  Presently before the

18  court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2),

19  12(b)(3), and 12(b)(6).  See Dkt. No. 20.

20      Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).  Having

21  carefully considered the parties' briefing along with oral argument, the court GRANTS

22  Defendants' Motion to Dismiss for the reasons explained below.

23  **I.    FACTUAL AND PROCEDURAL BACKGROUND**

24      Since at least 1985, Plaintiff, a California-based corporation, has been doing business in

25  the United States under the "Parnell" and "Parnell Pharmaceuticals" trade names.  Compl., Dkt.

26  No. 1 at ¶¶ 2, 13.  Since 1994, Plaintiff has owned the trademark registration for PARNELL®

27  covering "pharmaceutical preparations; namely, oral, nasal, and aural lubricants, moisturizers,

28

1

United States District Court
Northern District of California

1  drops, and sprays." Id. at ¶ 15; Dkt. No. 1, Exh. A.  Plaintiff alleges that after nearly three decades

2  of use, its trade names and trademark have become associated exclusively with Plaintiff, and has

3  garnered a reputation for its over-the-counter pharmaceutical products.  Compl. at ¶ 16.  It further

4  alleges that it has been the only entity in the United States using the "Parnell" name and mark for

5  pharmaceutical products.  Id.

6      Parnell Australia is an Australian-based company.  Id. at ¶ 3.  Parnell Inc., PCUS, and

7  PUS1 are Delaware corporations, and are wholly owned subsidiaries of Parnell Australia.  Id. at ¶¶

8  4-6.  Defendants sell pharmaceutical products for livestock that are marketed to veterinarians and

9  dairy producers.  Mot. at 7.

10      Plaintiff alleges that without consent, Defendants have used the "Parnell" name to sell its

11  pharmaceutical products in the United States.   Compl. at ¶¶ 18-19.  In 2014, Plaintiff began to

12  experience consumer confusion when it was repeatedly contacted with inquiries about Defendants'

13  products.  Id. at ¶ 20.  Plaintiff alleges that Defendants intend to expand their product offerings in

14  the United States to include pharmaceutical products targeted for human use, which will increase

15  confusion with Plaintiff's pharmaceutical products.  Id. at ¶¶ 21, 25.  While Defendants are aware

16  of Plaintiff's use of the "Parnell" name, they have allegedly refused to cease doing business under

17  the "Parnell" name.  Id. at ¶ 24.

18      Plaintiff commenced the instant action in July 2014, asserting six claims: (1) trademark

19  and trade name infringement under the Lanham Act, 15 U.S.C. § 1114(1); (2) false designation of

20  origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair business

21  practices in violation of California statute; (4) trademark and trade name infringement in violation

22  of California statute; (5) trademark infringement under California common law; and (6) unfair

23  competition under California common law .  See Dkt. No. 1.  Defendants filed the instant motion

24  to dismiss in September 2014.  See Dkt. No. 20.  Plaintiff filed an opposition brief, and

25  Defendants filed a reply brief.  See Dkt. Nos. 22, 28.  Oral argument was held on March 19, 2015.

26

27

28
Case No.: 5:14-cv-03158-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(2)

Under Rule 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  Two independent limitations may restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process.  Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990).  California's statutory limitation is co-extensive with the outer limits of due process.  See id. at 1361; Cal. Civ. Proc. Code § 410.10.  Accordingly, the federal and state jurisdictional inquiries merge into a single analysis.  See Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

"The plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010).  When the motion to dismiss is based on the parties' briefing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  Id.  "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor."  Id.

### B.   Federal Rule of Civil Procedure 12(b)(3)

Under Rule 12(b)(3), a defendant may move for dismissal based on improper venue.  Fed. R. Civ. P. 12(b)(3).  Venue is governed by 28 U.S.C. § 1391.  When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings.  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper.  Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).  Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought.  Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court.  See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

United States District Court
Northern District of California

3

1

**C.      Federal Rule of Civil Procedure 12(b)(6)**

2          Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

3    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

4    it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

5    complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

6    upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

7    appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

8    a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

9    Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

10   speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

11          When deciding whether to grant a motion to dismiss, the court generally "may not consider

12   any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

13   1542, 1555 n.19 (9th Cir.1990).  The court must generally accept as true all "well-pleaded factual

14   allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the

15   alleged facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242,

16   1245 (9th Cir.1988).  However, the court may consider material submitted as part of the complaint

17   or relied upon in the complaint, and may also consider material subject to judicial notice.  See Lee

18   v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir.2001).  "[M]aterial which is properly

19   submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.  Furthermore,

20   "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

21   **III.     DISCUSSION**

22          Defendants move to dismiss on the following grounds: (1) this court lacks personal

23   jurisdiction over Defendants; (2) the Northern District of California is not a proper venue for this

24   action; and (3) Plaintiff fails to state a claim upon which relief can be granted.  Mot. at 8.  Each

25   ground for dismissal will be addressed in turn.

26

27

28

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1      **A.**   **Personal Jurisdiction**

2      Defendants argue that this court lacks personal jurisdiction because none of the Defendants

3  are California entities, and Plaintiff's allegations concerning personal jurisdiction are generic and

4  conclusory. Mot. at 10-11. In response, Plaintiff argues that this court has specific personal

5  jurisdiction over Defendants because Defendants have sufficient minimum contacts with

6  California that arise out of, or relate to, this action. Opp'n at 7.

7      To determine whether a defendant has sufficient contacts with a forum state to be

8  susceptible to specific personal jurisdiction, the Ninth Circuit applies the three-prong "sufficient

9  contacts" test:

10         (1)  The non-resident defendant must purposefully direct his
   activities or consummate some transaction with the forum or
11         resident thereof; or perform some act by which the purposefully
   avails himself of the privilege of conducting activities in the forum,
12         thereby invoking the benefits and protections of its laws;

13         (2)  The claim must be one which arises out of or relates to the
   defendant's forum-related activities; and
14

15         (3)  The exercise of jurisdiction must comport with fair play and
   substantial justice, i.e., it must be reasonable.

16 Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9h Cir. 2010). The plaintiff

17 bears the burden of satisfying the first two prongs. Schwarzenegger v. Fred Martin Motor Co.,

18 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff succeeds, then the burden shifts to the defendant

19 to present a compelling case that the exercise of jurisdiction would be unreasonable. Id.

20     To satisfy the first prong of the sufficient contacts test, a plaintiff in a trademark

21 infringement suit must establish that the defendant purposefully directed its activities toward the

22 forum state. Id.; see Love, 611 F.3d at 609 (using the "purposeful direction" analysis in a

23 trademark infringement action). "A showing that a defendant purposefully directed his conduct

24 toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum

25 state that are directed at the forum, such as the distribution in the forum state of goods originating

26 elsewhere." Schwarzenegger, 374 F.3d at 803. The Ninth Circuit evaluates purposeful direction

27 under a three-part test traceable to the Supreme Court's decision in Calder v. Jones, 465 U.S. 783

28

Case No.: 5:14-cv-03158-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1   (1984). Id. The <u>Calder</u> "effects test" "requires that the defendant have (1) committed an

2   intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

3   is likely to be suffered in the forum state." Id. at 805.

4          The second prong of the sufficient contacts test assesses whether "the claim asserted in the

5   litigation arises out of the defendant's forum related activities." <u>Panavision Int'l, L.P. v. Toeppen</u>,

6   141 F.3d 1316, 1322 (9th Cir. 1998). The Ninth Circuit has referred to this prong as a "but for"

7   test. <u>In re W. States Wholesale Natural Gas Antitrust Litig.</u>, 715 F.3d at 742. "Under the 'but for'

8   test, a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists

9   between those contacts and the cause of action." Id. Thus, the question is: "but for Defendants'

10   contacts with California, would Plaintiff's claims have arisen?" <u>CFA N. Cal., Inc. v. CRT</u>

11   <u>Partners LLP</u>, 378 F. Supp. 2d 1177, 1186 (N.D. Cal. 2005); <u>see</u> <u>Panavision Int'l</u>, 141 F.3d at

12   1322.

13          As to the third prong of the sufficient contacts test, the burden is on the defendant "to make

14   a compelling case that the exercise of jurisdiction would be unreasonable." <u>In re W. States</u>

15   <u>Wholesale Natural Gas Antitrust Litig.</u>, 715 F.3d at 745. To determine reasonableness, the Ninth

16   Circuit considers the following factors:

18          (1) the extent of the defendant's purposeful interjection into the
           forum state, (2) the burden on the defendant in defending in the
19          forum, (3) the extent of the conflict with the sovereignty of the
           defendant's state, (4) the forum state's interest in adjudicating the
20          dispute, (5) the most efficient judicial resolution of the controversy,
           (6) the importance of the forum to the plaintiff's interest in
21          convenient and effective relief, and (7) the existence of an
           alternative forum.

22   Id.

23          i.   <u>**Liability vs. Jurisdiction**</u>

24          As a preliminary matter, personal jurisdiction must be established as to each individual

25   Defendant. The Ninth Circuit has stated:

26
           Liability and jurisdiction are independent. Liability depends on the
27          relationship between the plaintiff and the defendants and between

28
Case No.: <u>5:14-cv-03158-EJD</u>
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

2

the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum.  Regardless of their joint liability, jurisdiction over each defendant must be established individually.

3

Sher, 911 F.2d at 1365.

4

5

6

7

8

9

10

11

12

In reviewing Plaintiff's opposition brief, it appears that Plaintiff is making an argument for liability rather than personal jurisdiction.  For example, Plaintiff devotes significant portions of its brief arguing about the relationship and interrelatedness between Defendants, noting that all Defendants share the same chief executive officer Robert Joseph ("Mr. Joseph"), and contending that the actions of one entity would necessarily involve the other entities.  See Opp'n at 9-10.  These arguments pertain to liability, not personal jurisdiction.  Thus, to the extent Plaintiff relies on such general and conclusory allegations to establish personal jurisdiction, they will not be considered for this analysis.  Instead, the court will evaluate personal jurisdiction as to each Defendant.

13

### ii.    Personal Jurisdiction Over Parnell, Inc.

14

15

16

Plaintiff makes no specific allegations or arguments concerning the exercise of personal jurisdiction over Parnell, Inc.  Since Plaintiff fails to meet its burden of establishing personal jurisdiction over Parnell, Inc., this court declines to exercise such jurisdiction.

17

### iii.   Personal Jurisdiction Over PCSUS

18

19

20

21

Plaintiff relies on two bases to establish personal jurisdiction over PCSUS: (1) PCSUS is registered to do business in California under the "Parnell" name, and (2) PCSUS has one employee located in Bakersfield, California, who is involved in sales and marketing.  Opp'n at 8, 11.

22

23

24

25

26

27

The record shows that PCSUS registered with the California Secretary of State on February 25, 2014, and designated an agent for service of process.  See Dkt. No. 22-2, Decl. of John Parnell, Exh. 5.  As to the employee, Defendants do not dispute that such an employee exists in California.  Collectively, however, these bases do not establish personal jurisdiction over PCSUS.  Registering with the Secretary of State is a passive act that is not expressly aimed at California and causes harm that PCSUS knows is likely to be suffered in California.  Instead, a

28

7

Case No.: 5:14-cv-03158-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    qualifying act must intentionally and individually target Plaintiff.  Schwarzenegger, 374 F.3d at

2    805.  Moreover, the presence of one employee is not, by itself, sufficient to invoke personal

3    jurisdiction.  Contra Juniper Networks, Inc. v. Juniper Media, LLC, No. C 11-03906-WHA, 2012

4    WL 160248, at *3 (N.D. Cal. Jan. 17, 2012) (finding that LinkedIn profiles for California residents

5    purporting to be defendant's employees, *among other factors*, were sufficient for minimum

6    contacts).  Since Plaintiff has failed to meet its burden to satisfy the first and second prongs of the

7    sufficient contacts test, this court cannot exercise personal jurisdiction over PCSUS.

8              iv.    **Personal Jurisdiction Over PUS1**

9         Plaintiff relies on two bases to establish personal jurisdiction over PUS1: (1) PUS1 is

10   registered to do business in California under the "Parnell" name, and (2) PUS1 sells and markets

11   products in California bearing the "Parnell" name through the use of independent distributors.

12   Opp'n at 8, 10, 12.

13        As discussed above, registration with the California Secretary of State is not sufficient to

14   establish personal jurisdiction because it is not an intentional act expressly aimed at California

15   causing harm that PUS1 knows is likely to be suffered in California.  The sale and marketing of

16   products in California through the use of independent distributors is also insufficient.  "The

17   placement of a product into the stream of commerce, without more, is not an act purposefully

18   directed toward a forum state."  Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450,

19   459 (9th Cir. 2007).  The use of an independent distributor cannot confer jurisdiction over PUS1

20   where PUS1 has no presence in California, has not advertised in California, or has send any

21   employees to California.  See J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2790

22   (2011) (finding that personal jurisdiction over a foreign manufacturer that used a distributor was

23   improper because the manufacturer had no office in the forum state, paid no taxes or owned

24   property in the forum state, and did not advertise or send any employees to the forum state).

25        Plaintiff has failed to meet its burden of satisfying the first and second prongs of the

26   sufficient contacts test.  Therefore, this court cannot exercise personal jurisdiction over PUS1.

27

28

Case No.: 5:14-cv-03158-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1

     **v.**    <u>**Personal Jurisdiction Over Parnell Australia**</u>

2

     Plaintiff argues that Parnell Australia's announcement of two board members who are

3

from California is sufficient for this court to exercise personal jurisdiction over Parnell Australia.

4

Opp'n at 13.  This argument, however, is unpersuasive.  As it pertains to the first prong of the

5

sufficient contacts test, there is no indication that the appointment of these two board members

6

was expressly aimed at California or that it caused any harm that Parnell Australia knew was

7

likely to be suffered in California.  Moreover, as it pertains to the second prong, there is no

8

indication that Plaintiff's claims arise out of the appointment of these two board members.  As

9

such, Plaintiff has not met its burden to establish personal jurisdiction over Parnell Australia.

10

     **vi.**    <u>**Plaintiff's Additional Arguments**</u>

11

     Lastly, Plaintiff groups Defendants together and further alleges that personal jurisdiction

12

exists because: (1) Defendants posted an online advertisement seeking an individual to sell and

13

service key accounts in Northern California; (2) Defendants have made nationwide

14

announcements and have obtained national press coverage; (3) Defendants made an initial public

15

offering and is listed on the NASDAQ stock exchange; and (4) Defendants' common CEO, Mr.

16

Joseph, has traveled to San Francisco for a business meeting.  Opp'n at 8-9, 12-13.  Aside from

17

Plaintiff's failure to make specific allegations as to individual Defendants, each of these arguments

18

fail for independent reasons.

19

     First, while Defendants may have posted an online advertisement seeking an individual to

20

sell products bearing the "Parnell" name, there is no indication that such an individual was

21

actually hired.  A job listing, by itself, is not sufficient to confer personal jurisdiction over any of

22

the Defendants.

23

     Second, a publication is expressly aimed at California if the publication concerns the

24

California activities of a California resident, if the defendant knows the article will have a

25

potentially devastating impact upon the California resident, if the statements made in the

26

publication are an event within a sequence of activities designed to use California markets for the

27

defendant's benefit, and if the deliberate choice of the plaintiff's trademark targets the California

28

9

Case No.: <u>5:14-cv-03158-EJD</u>
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  plaintiff.  See Schwarzenegger, 374 F.3d at 806-07 (collecting cases).  Here, there is no indication

2  that Defendants' nationwide articles and advertisements were expressly aimed at California, or

3  that Defendants were engaged in a campaign specifically targeting California consumers.  Instead,

4  Plaintiff alleges that Defendants' articles and advertisements were in publications circulated

5  nationwide.  As such, this is not a valid basis for personal jurisdiction.

6        Third, Plaintiff fails to explain how Defendants' IPO and listing on the NASDAQ stock

7  exchange is an action aimed towards California sufficient to confer personal jursidiction.  Since

8  Plaintiff does not assert general personal jurisdiction, this argument is unpersuasive.

9        Fourth, Plaintiff's reliance on Mr. Joseph's single trip to San Francisco on September 19,

10  2014 is too attenuated to establish personal jurisdiction.  In order to find purposeful direction,

11  "'something more' is needed in addition to a mere foreseeable effect."  Pebble Beach Co. v.

12  Caddy, 453 F.3d 1151, 1156 (9th Cir. 2006).  See Farhang v. Indian Inst. of Tech., No. C-08-

13  02658-RMW, 2011 WL 2669616, at *4 (N.D. Cal. July 7, 2011) (finding that a brief business

14  meeting was too fortuitous to establish personal jurisdiction).  As such, this argument is

15  insufficient to establish personal jurisdiction.

16        **vii.    Conclusion as to Personal Jurisdiction**

17        In sum, considering the sufficient contacts test as set forth by the Ninth Circuit, this court

18  cannot exercise personal jurisdiction over any of the Defendants.  Accordingly, Defendants'

19  Motion to Dismiss for lack of personal jurisdiction is GRANTED.

20        **B.    Venue and Failure to State a Claim**

21        Given the discussion concerning personal jurisdiction, the court declines to address the

22  parties' arguments concerning venue and failure to state a claim.

23  **IV.    CONCLUSION**

24        Based on the foregoing, Defendants' Motion to Dismiss is GRANTED for lack of personal

25  jurisdiction.  Accordingly, this action is DISMISSED WITHOUT PREJUDICE and WITHOUT

26

27

28

Case No.: 5:14-cv-03158-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    LEAVE TO AMEND.  The Clerk shall close this file.

2

3         **IT IS SO ORDERED.**

4    Dated: September 30, 2015

5                                              _____

6                                              EDWARD J. DAVILA
                                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No.: 5:14-cv-03158-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS